FILED
SCRANTON

JAN 1 4 2015

PER_____ _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LARRY LUCAS,                          :
                                      :
          Plaintiff                   :
                                      :
     v.                               : CIVIL NO. 3:CV-14-0266
                                      :
DR. MEDICAL DIRECTOR TOMASIC,         : (Judge Kosik)
et al.,                               :
          Defendants                  :

## MEMORANDUM

Larry Lucas, currently an inmate at the State Correctional Institution at

Waymart, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.

Named as defendants are Dr. Tomasic, Medical Director at SCI-Waymart, and SCI-

Waymart employees Jim Miller, Counselor, and John Doe, RHU Correctional

Officer.[1]  Defendant Tomasic has filed an answer to the complaint. (Doc. 25.)  Before

_____

[1] On June 25, 2014, an order was issued directing Plaintiff to identify the John
Doe defendant and provide an address where said defendant could be served with the
complaint. (Doc. 16.)  In response thereto, Plaintiff filed correspondence with the
court on July 3, ,merely identifying the Doe defendant as "John Doe, RHU Officer,
SCI Waymart." (Doc. 18.)  Because Plaintiff failed to provide any further identifying
information with respect to said defendant, John Doe RHU Officer was dismissed
without prejudice from this action pursuant to Fed. R. Civ. P. 4(m). (Doc. 19.)  On
July 16, 2014, Plaintiff sought the reinstatement of the Doe defendant.  The court
granted this request, and afforded Plaintiff twenty (20) additional days within which
to identify said defendant and provide an accurate address for service. (Doc. 21.)  On

the court for consideration is Defendant Miller's motion to dismiss the complaint.
(Doc. 14.) For the reasons that follow, the motion will be deemed unopposed and
granted.

## I.     Allegations in the Complaint

Plaintiff alleges that on July 26, 2012, he was committed to a 2 man cell in the
RHU unit at SCI-Waymart. An unidentified RHU Officer directed him to take the top
bunk. When Plaintiff explained that he had bottom bunk status due to his age and
health, the officer did not care and told the inmates to work it out between
themselves. On July 30, 2012, Plaintiff states he fell while climbing down from the
top bunk due to his physical inability to access the top bunk and the lack of a ladder.
(Doc. 1, Compl. at 2.)

On July 30, 2012, he was taken to an outside hospital and underwent surgery
for a fractured hip. Defendant Tomasic later "deliberately lied about [Plaintiff's] x-
ray results, healing process, delayed and refused outside visits to [Plaintiff's] surgeon
as he requested." (Id.) According to Plaintiff, Tomasic ignored the surgeon's
recommendation that a total hip replacement be performed, and caused him to endure
pain and the inability to walk. Plaintiff is currently in a wheelchair.

Plaintiff alleges that Defendant Miller tried to interfere and influence medical

---

September 19, 2014, the Doe defendant was dismissed from this action due to
Plaintiff's continued failure, after being afforded time, to identify said defendant to
allow service. (Doc. 30.)

decisions regarding these matters and claimed Plaintiff was "faking it."  Miller also

tried to have Plaintiff removed from his wheelchair and from the medical block.  As

relief for all of the above actions, Plaintiff seeks to be compensated past and future

pain, suffering and medical bills.

On June 10, 2014, Defendant Miller filed a motion to dismiss the complaint

against him.  (Doc. 14.)  Following an enlargement of time, a supporting brief was

filed on June 30, 2014.  (Doc. 17.)  After Plaintiff failed to oppose the motion, an

order was issued on September 19, 2014 directing him to do so within fourteen days,

and warning him that his failure to do so would result in the motion being deemed

unopposed.  (Doc. 30.)  Not only did Plaintiff fail to abide by this order, but on

December 4, 2014, he requested and was sent a copy of the docket sheet in this

action, and has still failed to file any opposition to Defendant's motion.  (Doc. 34.)

For these reasons, Defendant Miller's motion to dismiss will be deemed to be

unopposed and addressed by the court.

## II.    Motion to Dismiss Standard

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of complaints that fail to

state a claim upon which relief can be granted.  A court considering a motion to

dismiss under Rule 12(b)(6) must "accept all factual allegations as true, construe the

complaint in the light most favorable to the plaintiff, and determine whether, under

any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Eid

v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014)(internal quotations omitted).

Dismissal is appropriate where the plaintiff has not alleged "sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007)).  A complaint satisfies the plausibility standard when there is enough

factual content "that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  In resolving a

motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only

the allegations in the complaint, "exhibits attached to the complaint, [and] matters of

public record, as well as undisputedly authentic documents if the complainant's

claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d

Cir. 2010)(citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d

1192, 1196 (3d Cir. 1993)).

Additionally, pro se pleadings are held to a less stringent standard than formal

pleadings drafted by attorneys and are to be liberally construed.  See Erickson v.

Pardus, 551 U.S. 89, 94 (2007); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-

45 (3d Cir. 2013).  Pro se litigants are to be granted leave to file a curative amended

complaint even when a plaintiff does not seek leave to amend, unless such an

amendment would be inequitable or futile.  See Connelly, 706 F.3d at 217 (quoting

Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008)).  However,

dismissal without leave to amend is justified on the grounds of bad faith, undue delay, prejudice or futility. Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004). Thus, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).

## III.   Discussion

### A.   Claim for damages against Miller in his official capacity

Defendant Miller first seeks to dismiss Plaintiff's damages claim against him in his official capacity as barred by the Eleventh Amendment. The Eleventh Amendment precludes federal court jurisdiction over suits by private parties against states or their agencies unless sovereign immunity has expressly been waived. United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). By statute, the Commonwealth of Pennsylvania has specifically withheld its consent to be sued. See 42 Pa. Cons. Stat. Ann. § 8521(b); see also Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). The doctrine of sovereign immunity also extends to a state official in his or her official capacity because "it is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Garden State Elec. Inspection Servs. v. Levin, 144 F. App's 247, 151 (3d Cir. 2005)(quoting Will v. Mich. Depot of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). In Will, the Supreme Court held that a state

and state officers acting in their official capacities are not "persons" against whom a claim for money damages under § 1983 can be asserted.  Will, 491 U.S. at 64. However, the Eleventh Amendment does not preclude a suit against a state official acting in his or her individual capacity.  Hafer v. Melo, 502 U.S. 21, 31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); Koslow v. Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002).  Accordingly, Plaintiff's claims for money damages against Defendant Miller in his official capacity will be dismissed.  To the extent that Plaintiff has brought his § 1983 claims against Miller in his individual capacity, those claims remain viable and will now be addressed.

## B.   Eighth Amendment claim

Two elements must be present in order to state a § 1983 claim: (1) the conduct complained of must have deprived the plaintiff of rights, privileges and immunities secured by the Constitution or laws of the United States; and (2) the conduct must have been committed by a person acting under color of state law.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 923 (1982); Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).  Plaintiff must demonstrate that each Defendant was personally involved in the alleged wrongful actions either by actual conduct, or knowledge of and acquiescence in the wrongful actions.  Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  Defendants in "a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the

6

operation of <u>respondeat superior</u>." <u>Rode</u>, 845 F.2d at 1207. Thus, a mere linkage in the prison chain of command is not sufficient to demonstrate personal involvement.

Defendant Miller seeks the dismissal of the complaint due to Plaintiff's failure to allege facts alleging deliberate indifference on his part to a serious medical need. A constitutional violation under the Eighth Amendment in the medical context occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976). To establish a violation of his constitutional right to adequate medical care in accordance with this standard, Plaintiff is required to allege facts that demonstrate (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." <u>Estelle</u>, 429 U.S. at 104. Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," <u>White v. Napoleon</u>, 897 F.2d 103, 109 (3d Cir. 1990).

However, it is also clear that mere misdiagnosis of a condition or negligent treatment provided for a condition, is not actionable under the Eighth Amendment

because medical malpractice standing alone is not a constitutional violation. Estelle, 429 U.S. at 106.  Deliberate indifference is generally not found when some significant level of medical care has been offered to an inmate, see Gindraw v. Dendler, 967 F. Supp. 833, 836 (E.D. Pa. 1997), or where claims are based upon the level of professional care that an inmate has received, see Ham v. Greer, 269 F. App'x 149 (3d Cir. 2008).  Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim.  See Gause v. Diguglielmo, 339 F. App'x 132 (3d Cir. 2009); Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

Prison officials, who are not physicians, cannot be considered deliberately indifferent simply because they failed to respond to the medical complaints of a prisoner who was already being treated by medical personnel of the prison.  Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  Further, participation in the after-the-fact review of a grievance is not enough to establish personal involvement.  See Rode, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement).

In the instant case, no personal involvement is alleged on the part of Miller with respect to Plaintiff's top bunk assignment or any subsequent denial or delay of medical care.  Rather, Plaintiff claims that Miller said he was "faking."  Assuming this allegation is true, it is well established that the use of words, no matter how

violent, vulgar or unprofessional, is not actionable under 42 U.S.C. § 1983. <u>Dunbar</u> <u>v. Barone</u>, 487 F. App'x 721, 723 (3d Cir. 2012)("[V]erbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment.") Consequently, because the alleged verbal harassment was not accompanied by any injurious actions, or physical actions of any kind, by Defendant Miller, Plaintiff fails to state a cognizable claim against him.

With respect to any Eighth Amendment medical care claim Plaintiff alleges, he also fails to state a viable claim against Miller. Plaintiff merely alleges that Miller believed he was "faking" and attempted to have his medical accommodations, a wheelchair and housing on the medical block, revoked. Plaintiff sustained no injury as a result of Miller's "attempts". There are no allegations that the wheelchair and medical block housing were revoked or denied by Miller or any other person for that matter, or that he, in any way, suffered injury at the hands of Miller. Moreover, Plaintiff concedes that at the relevant time, he was under the care of Defendant Dr. Tomasic. As such, any Eighth Amendment medical care claims Plaintiff attempts to set forth against Defendant Miller are also subject to dismissal. The dismissal of the allegations in the complaint against Miller will be without leave to amend, as any amendment would be futile. An appropriate order follows.